**W. O. LAKIE, Inc., v. UNITED STATES.**

**No. 4085.**

District Court, E. D. Michigan, S. D.

Feb. 2, 1946.

Berry & Stevens, of Detroit, Mich., for plaintiff.

John C. Lehr, U. S. Atty., and Morris Zwerdling, Asst. U. S. Atty., both of Detroit, Mich., for defendant.

O'BRIEN, District Judge.

1. This is a suit to seek a refund of taxes assessed and collected by the Collector of Internal Revenue under the provisions of Title VIII of the Social Security Act, 42 U.S.C.A. § 1001 et seq., and Subchapters A and C of Chapter 9 of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, §§ 1400 et seq., 1600 et seq.

2. The plaintiff, between the years 1937 and 1941, operated an automobile sales and service establishment in Royal Oak, Michigan. In the summer of 1938, it entered into an agreement with one William Huckle, whereby Huckle operated the service department and garage on a percentage basis, receiving sixty per cent of the labor invoiced and a similar percentage of the profit on parts used in connection with repair and reconditioning of automobiles. The plaintiff received the balance of forty per cent.

3. In the fall of 1938, Huckle discontinued his association with the plaintiff and one Homer Yoes entered into a similar arrangement.

4. On January 1, 1939, the plaintiff and Homer Yoes executed what purported to be a lease on the service department of the establishment, calling for a payment of a minimum rental of $125 per month by Homer Yoes, or forty per cent of the total labor charges invoiced and profit on parts used, whichever was the greater.

5. Throughout the period that Huckle and Yoes were operating the garage for the plaintiff, other mechanics also worked in the service department and divided, in various proportions, the income resulting from the sixty per cent arrangement.

6. Throughout the entire period covered by this suit, the plaintiff held itself out to the public as operating the service department, issued invoices on its own forms to customers for labor performed, purchased and paid for the parts used, and assumed all the risks and responsibilities customarily assumed by the owner and operator of an automobile sales and service establishment. The percentage assigned to the mechanics was paid regardless of whether or not collections were made upon the labor performed and invoiced.

7. The plaintiff reserved a right of control over the establishment throughout the entire period covered by the suit and, in many instances, actually exercised control, directed the priority which should be given to the jobs being done in the shop and reserved the right to interfere in any situations where matters were not satisfactory.

8. During the latter part of 1940 or 1941, the lease arrangement was terminated between the parties at the request of Homer Yoes and the mechanics continued on a straight salary. There was no change in the manner in which the service department was operated or in the extent to which control was exercised or not exercised by the plaintiff.

9. The lease was not entered into at the request of Homer Yoes, but on the demand and insistence of the plaintiff, who explained to Homer Yoes that it "meant noth-

ing" and was for the purpose of saving taxes. Yoes was reluctant to enter into the lease, but signed it and when another lease was presented to him a year later, demurred on a number of occasions, but eventually signed the second lease.

10. An employer-employee relationship existed between the plaintiff, Homer Yoes and the other mechanics working on the premises during the period covered by this suit and the lease was merely "window dressing" and not indicative of the relationship between the parties.

### Conclusions of Law.

1. An employer-employee relationship existed between the plaintiff and the mechanics on the premises under the provisions of Title VIII of the Social Security Act and Subchapters A and C of Chapter 9 of the Internal Revenue Code.

2. An independent contractor relationship did not exist between the plaintiff, William Huckle and/or Homer Yoes.

3. The plaintiff has failed to establish the allegations in its complaint by a preponderance of the evidence.

4. The defendant is entitled to a judgment dismissing the complaint with costs.